**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**August 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

SHAWN REED,

    Plaintiff - Appellant,

v.

KEVIN STITT; ADAM PANTER; JOHN
CANAVAN; EMILY MUELLER;
GENTNER DRUMMOND; JOHN KANE;
KYLE HILBERT; LOUIS DUEL,

    Defendants - Appellees.

No. 24-6268
(D.C. No. 5:24-CV-00984-D)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.

_____

Plaintiff Shawn Reed, appearing pro se, appeals from an order of the district court dismissing a complaint Mr. Reed filed against various Oklahoma state officials. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the judgment of the district court.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

In early 2017, Mr. Reed initiated a paternity and custody action in the District Court of Pottawatomie County, Oklahoma against Stacy Cornelius.  The case was assigned and subsequently overseen by Judge Emily Mueller.  In May 2020, Judge Mueller determined Mr. Reed was the biological father of the minor child and also named him as the child's primary residential custodian.  In April 2021, however, Judge Mueller granted emergency custody of the child to Ms. Cornelius.  In July 2021, Judge Mueller issued an order awarding full legal and physical custody of the child to Ms. Cornelius and in turn ordering that Mr. Reed would receive supervised visitation with the child every two weeks.

That was by no means the end of the custody battle.  Mr. Reed sought to modify the custody, visitation, and child support arrangements.  In August 2024, Judge Louis Duel held a hearing in the matter and also conducted an in-camera interview with the minor child.  In September 2024, Judge Duel issued an order overruling Mr. Reed's motion to modify the custody, visitation, and child support arrangements.  Judge Duel also expressed concerns in his order regarding Mr. Reed's testimony at the hearing and ordered him to submit to a psychological evaluation and follow the recommendations of the evaluation.

The case remains open and Mr. Reed continues to file pleadings in the matter.

II

In September 2024, approximately two weeks after Judge Duel entered the order in the state custody matter, Mr. Reed initiated this matter by filing a pro se

pleading in federal district court titled "Affidavit and Petition for IMMEDIATE Restoration of Custody of Child." R. at 4. The pleading, which the district court later construed as a complaint, named as defendants Judge Duel and Judge Mueller, as well as another Oklahoma state district judge, the Chief Justice of the Oklahoma Supreme Court, the Governor of the State of Oklahoma, a district attorney in the State of Oklahoma, and the Speaker of the Oklahoma House of Representatives.

The complaint alleged that Mr. Reed's "child was unlawfully taken without constitutional authority." *Id.* The complaint further alleged that "[j]udicial relief for Plaintiff does not exist in Oklahoma courts." *Id.* at 4–5. The complaint asked the district court to "grant IMMEDIATE restoration and custody" of Mr. Reed's minor child. *Id.* at 5. The complaint also asked the district court to demand that defendants "answer the following constitution[al] question: . . . where does the Oklahoma Constitution grant authority to take children without a trial by jury?" *Id.* at 6 (bolding and internal quotation marks omitted). Lastly, the complaint asked the district court to "openly and publicly declare the law in this matter, in that, constitutional due process is not statutory due process and the secured liberty interests of Plaintiff cannot be abrogated by court rules or legislation." *Id.*

All but one of the defendants moved to dismiss the case on various grounds. In December 2024, the district court issued an order granting those motions. The district court concluded the *Younger*[1] abstention doctrine applied to the case and

---

[1] *See Younger v. Harris*, 401 U.S. 37 (1971).

therefore dismissed without prejudice Mr. Reed's claims seeking injunctive and declaratory relief against all defendants. The district court also concluded Judge Mueller was entitled to absolute judicial immunity to the extent Mr. Reed was seeking monetary damages against her.[2] The district court declined to consider the remaining arguments in the motions to dismiss.

Mr. Reed now appeals.

### III

Mr. Reed argues that the district court's order of dismissal "is non-judicial and void." Aplt. Br. at 1. He asserts that "instead of receiving Fifth Amendment due process of law," he "received a Congress-made process, which is maladministration, wherein" the district court "never cited the Constitution, administered a court of record without common law, never cited a maxim of law, and ignored [his] unrebutted affidavits." *Id.* Ultimately, he asks us to "immediately declare the law in this matter," "restore [his] liberty interest," "openly declare that children cannot be taken from their parents without due process of law, and that due process of law is not made nor changed by legislatures." *Id.* at 4.

The problem with these arguments is that they fail to challenge the actual bases for the district court's dismissal. *See Nixon v. City and Cnty. of Denver*,

---

[2] The district court noted that Mr. Reed attached an affidavit to his complaint claiming that Judge Mueller violated his constitutional due process rights and injured him in the amount of $600,000.00 when she granted Ms. Cornelius primary custody of the minor child.

785 F.3d 1364, 1369 (10th Cir. 2015).  More specifically, Mr. Reed's "opening brief contains nary a word to challenge" the district court's decision to abstain on the basis of *Younger* or its decision to grant judicial immunity to Judge Mueller.[3]  *Nixon*, 785 F.3d at 1369.

IV

We therefore affirm the judgment of the district court.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[3] Although we liberally construe Mr. Reed's pro se filings, we may not craft arguments or otherwise advocate for him.  *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).